# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| LOCAL INTEREST, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PETSMART LLC, <br><br> Defendant. | Civil Action No. 2:25-cv-00256 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Local Interest, LLC ("Local Interest" or "Plaintiff") files this Complaint against PetSmart LLC ("PetSmart" or "Defendant") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action for Defendant's infringement of the following United States Patents (the "Asserted Patents"), issued by the United States Patent and Trademark Office ("USPTO"):

| U.S. Patent No. | Available At |
|---|---|
| 1) 7,532,899 | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/7532899 |
| 2) 8,774,834 | https://ppubs.uspto.gov/pubwebapp/authorize.html?redirect=print/pdfRedirectDownload/8774834 |

2. Local Interest seeks injunctive relief and monetary damages.

## PARTIES

3. Local Interest is a limited liability company formed under the laws of Texas with a registered office address located at 512 W. Martin Luther King Jr. Blvd., Unit 281, Austin, TX, 78701 (Travis County).

4.      Defendant PetSmart is a corporation formed and organized under the laws of Delaware with its principal executive offices and corporate headquarters located at 19601 North 27th Avenue, Phoenix, AZ, 85027. PetSmart is registered to do business in Texas. *See* TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/ at Filing No. 7790006 (showing PetSmart's application for registration to do business as a foreign corporation in Texas) (last visited Feb. 28, 2025). PetSmart's registered agent in Texas is Corporation Creations Network Inc. located at 5444 Westheimer #1000, Houston, TX 77056.

## JURISDICTION AND VENUE

5.      This arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      Venue is proper against Defendant in this District pursuant to 28 U.S.C. § 1400(b) because they have maintained established and regular places of business in this District and have committed acts of patent infringement in this District. *See In re: Cray Inc.*, 871 F.3d 1355, 1362-1363 (Fed. Cir. 2017).

8.      On information and belief, Defendant PetSmart is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this State and this District, including: (A) at least part of its infringing activities alleged herein, including its registration to do business in Texas, which purposefully avail the Defendant of the privilege of conducting those activities in this state and this District and, thus, submits itself to the jurisdiction of this court; and (B) regularly doing or soliciting business, engaging in other persistent conduct targeting residents of Texas and this District, and/or deriving substantial revenue from infringing goods offered for sale, sold, and

imported and services provided to and targeting Texas residents and residents of this District vicariously through and/or in concert with its alter egos, intermediaries, agents, distributors, importers, customers, subsidiaries, affiliates, and/or consumers.

9. Specifically, Defendant intends to do and does business in, has committed acts of infringement in, and continues to commit acts of infringement in this District directly, through intermediaries, by contributing to and through its inducement of third parties, and offer its products or services, including those accused of infringement here, to customers and potential customers located in Texas, including in this District.

10. For example, Defendant PetSmart LLC operates in Texas under the assumed name "PetSmart." *See* TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/ at Filing No. 7790006 (showing Certificate of Assumed Business Name) (last visited Feb. 28, 2025). PetSmart maintains a significant business presence in Texas by employing residents in at least one hundred and forty-seven (147) branch locations where consumers may purchase and pick-up merchandise, including locations in Austin, Houston, San Antonio, and the Dallas/Fort Worth Area. *See*, *e.g.*, **Exhibit A**, PetSmart Texas Locations.

11. Upon information and belief and based upon public information, Defendant owns, operates, manages, conducts business, and directs and controls the operations of, and has employees that work from and out of, facilities at locations in this District, including, but not limited to, facilities at the following address: (1) 6204 W Park Blvd, Plano, TX 75093; (2) 3300 N Central Expwy, Plano, TX 75074; (3) 3096 N Eastman Rd Ste 106, Longview, TX 75605. *See* **Ex. A**.

12. Defendant is engaging in activities, including but not limited to transacting business in this District and purposefully directing its business activities, including the installation,

maintenance, and use of infringing products and other related technologies in this District, and the sale or offer for sale of services and goods in this District to aid, abet, or contribute to the infringement of third parties in this District.

13. Defendant commits acts of infringement in this District, including, but not limited to, selling, offering for sale, and using (including through testing) the Accused Products.

14. Defendant commits acts of induced infringement in this District, including, but not limited to inducement of infringement by its parents, subsidiaries, partners, affiliates, and end-users to use the Accused Products.

15. Defendant commits acts of contributory infringement in this District, including, but not limited to contributing to infringement by its parents, subsidiaries, partners, affiliates, and end-users through its use of the Accused Products.

16. Such a corporate and commercial presence by Defendant PetSmart furthers the development, design, manufacture, importation, distribution, and sale of Defendant's infringing products in Texas, including in this District. Through utilization of its business segments and the direction and control of its subsidiaries and affiliates, PetSmart has committed acts of direct and/or indirect patent infringement within Texas, this District, and elsewhere in the United States, giving rise to this action and/or has established minimum contacts with Texas such that personal jurisdiction over PetSmart would not offend traditional notions of fair play and substantial justice.

17. On information and belief, Defendant PetSmart also purposefully places infringing product in Texas and this District. For example, PetSmart provides its mobile application products and services, e.g., the "PetSmart Mobile App," for download and use in Texas. *See* PetSmart Mobile App, PETSMART, https://www.petsmart.com/mobile-app-landing-page/ (listing available PetSmart Mobile Apps on both AppStore and Google Play) (last visited Feb. 28, 2025). PetSmart's

apps are available via digital distribution platforms operated by Apple Inc. and Google. *Id.*

18. Based on Defendant PetSmart's connections and relationship with its distributors, resellers, contractors, dealers, installers, local and U.S. based national retailers, and digital distribution platforms, PetSmart knows that Texas is a termination point of the established distribution channel for the sale and use of PetSmart mobile apps to consumers in Texas. PetSmart, therefore, has purposefully directed its activities at Texas, and should reasonably anticipate being brought in this Court, at least on this basis. *See Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*, 2009 WL 1025467, at (E.D. Tex. 2009) (finding that "[a]s a result of contracting to manufacture products for sale in" national retailers' stores, the defendant "could have expected that it could be brought into court in the states where [the national retailers] are located").

19. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). As alleged herein, Defendant PetSmart has committed acts of infringement in this District. As further alleged herein, Defendant PetSmart, via its own operations and employees located there, has a regular and established place of business, in this District. Publicly available records show that PetSmart conducts its business and/or offers its services in all counties in Texas. *See* TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/ at Filing No. 7790006 (last visited Feb. 28, 2025). Accordingly, PetSmart may be sued in this district under 28 U.S.C. § 1400(b).

## THE ACCUSED PRODUCTS

20. Local Interest repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

21. PetSmart describes itself as "the largest omni-channel pet retailer in North America, offering products, services and solutions for the lifetime needs of pets." PetSmart 2023 Corporate Social Responsibility Report, available for download at https://www.petsmartcorporate.com/wp-

content/uploads/2025/02/23-PST-0433_PetSmart_2023_CSR_Report_Final.pdf (last visited Feb. 28, 2025). Defendant PetSmart "operates over 1,670 pet stores in the United States, Canada and Puerto Rico, seven distribution centers" and provides "a broad range of competitively priced pet food and products, as well as services such as dog training, pet grooming, pet boarding, PetSmart Doggie Day Camp and pet adoption." *Id.* Further, Defendant disclosed that it has 10 proprietary brands that each exceeds $100 million in annualized sales. *Id.*

22. On information and belief, a significant portion of the operating revenue of Defendant is derived from its PetSmart mobile applications offered for use on iOS and Android devices ("Accused Products").

23. For example, PetSmart app has over 1 million downloads and about 25,500 reviews on Google Play:



24. Similarly, the PetSmart app has about 26,900 reviews on Apple's AppStore:

---

[1] *See* https://play.google.com/store/apps/details?id=com.petsmart.consumermobile&hl=en.



25.    Based upon public information, Defendant owns, operates, advertises, and/or controls at least the website www.petsmart.com through which it advertises, sells, offers to sell, promotes, provides and/or educates customers about PetSmart products, including the Accused Products. *See, e.g.*, **Exhibit B**, PetSmart Mobile App; **Ex. A**.

---

[2] *See* https://apps.apple.com/us/app/petsmart/id1175467091?ls=1.



26. Based upon public information, Defendant, directly and/or through its agents and intermediaries, operates, advertises, and/or controls PetSmart store locations throughout this District, including, at least, in Allen, Denton, Frisco, Longview, McKinney, Plano, Sherman, and Tyler, through which it and/or its agents or employees use, advertise, provide, and/or educate third-parties, including but not limited to customers, about the Accused Products. *See, e.g.,* **Ex. A**.

### COUNT I: <u>INFRINGEMENT OF U.S. PATENT NO. 7,532,899</u>

27. Local Interest repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

---

[3] *See* https://www.petsmart.com/mobile-app-landing-page/.

28. The USPTO duly issued U.S. Patent No. 7,532,899 (hereinafter, the "'899 patent") on May 12, 2009, after full and fair examination of Application No. 10/984,618, which was filed on November 8, 2004. *See* **Exhibit C**, U.S. Patent No. 7,532,899 at 1.

29. Local Interest owns all substantial rights, interest, and title in and to the '899 patent, including the sole and exclusive right to prosecute this action and enforce the '899 patent against infringers and to collect damages for all relevant times.

30. Local Interest or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '899 patent.

31. The claims of the '899 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the function and operation of location-based services in a wireless network.

32. The written description of the '899 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

33. Defendant has directly infringed the claims of the '899 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

34. Defendant has directly infringed and continue to infringe, either literally or under the doctrine of equivalents, at least claim 4 of the '899 patent.

35. As just one example, Defendant, using the Accused Products and associated hardware and software and functionalities, performs a method for providing wireless telecommunication services to mobile devices, the method comprising: receiving a command from a user's mobile device to locate points of interest near to a location of the user's mobile device, wherein each of the points of interest are associated with one of two or more different and user-identified point of interest categories; automatically determining the location of the user's mobile device; based at least in part on the determined location, automatically providing to the user's mobile device a list of points of interest, wherein the list substantially simultaneously presents at least one point of interest for at least some of the different and user-identified point of interest categories, and wherein the list of points of interest represent points of interest that are geographically closest to the location of the user's mobile device; receiving input from the user's mobile device; and providing a next-closer list of points of interest, wherein the next-closer list substantially simultaneously presents at least one point of interest for at least some of the different and user-identified point of interest categories that are geographically next closest to the location of the user's mobile device than points of interest in the list of points of interest. *See, e.g.*, **Exhibit D**, Evidence of Use Regarding Infringement of U.S. Patent No. 7,532,899.

36. Defendant had knowledge of the '899 patent at least as of the date when it was notified of the filing of this action.

37. Since gaining knowledge of the '899 patent, Defendant has also indirectly infringed one or more claims of the '899 patent by inducing others to directly infringe said claims. *See, e.g.*, PetSmart Mobile App, PETSMART, https://www.petsmart.com/mobile-app-landing-page/ ("Stay connected to your Treats Rewards account anytime, anywhere! Track points, access rewards, shop essentials, book services & more.") (last visited Feb. 28, 2025).

38. Defendant has induced end-users, including, but not limited to, Defendant's employees, partners, contractors, customers, and/or potential customers, to directly infringe, either literally or under the doctrine of equivalents, the '899 patent by providing or requiring use of the Accused Products.

39. Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '899 patent, including, for example, claim 4 of the '899 patent.

40. Such steps by Defendant included, among other things, advising or directing personnel, contractors, or end-users to use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; distributing instructions that guide users to use the Accused Products in an infringing manner; and/or providing ongoing instructional and technical support to customer on its website on how to use the Accused Products in an infringing manner.

41. Defendant is performing these steps, which constitute induced infringement with the knowledge of the '899 patent and with the knowledge that the induced acts constitute infringement.

42. Defendant is aware that the normal and customary use of the Accused Products by others would infringe the '899 patent.

43. Defendant's inducement is ongoing. *See, e.g.*, PetSmart Mobile App, PETSMART, https://www.petsmart.com/mobile-app-landing-page/ ("Stay connected to your Treats Rewards account anytime, anywhere! Track points, access rewards, shop essentials, book services & more.") (last visited Feb. 28, 2025).

44. Since gaining knowledge of the '899 patent, Defendant has also indirectly infringed

by contributing to the infringement of the '899 patent.

45. Defendant has contributed to the direct infringement of the '899 patent by its personnel, contractors, and customers.

46. The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '899 patent, including, for example, claim 4 of the '899 patent.

47. The special features constitute a material part of the invention of one or more of the claims of the '899 patent and are not staple articles of commerce suitable for substantial non-infringing use.

48. Defendant's contributory infringement is ongoing. *See, e.g.*, PetSmart Mobile App, PETSMART, https://www.petsmart.com/mobile-app-landing-page/ ("Stay connected to your Treats Rewards account anytime, anywhere! Track points, access rewards, shop essentials, book services & more.") (last visited Feb. 28, 2025).

49. Since gaining knowledge of the '899 patent, Defendant's direct infringement of one or more claims of the '899 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Local Interest's rights under the patent.

50. Furthermore, on information and belief, Defendant has a policy or practice of not reviewing the patents of others, including instructing its employees to not review the patents of others, and thus have been willfully blind of Local Interest's patent rights.

51. Defendant's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendant.

52. Local Interest has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Local Interest has and will continue to

suffer this harm by virtue of Defendant's infringement of the '899 patent. Defendant's actions have interfered with and will interfere with Local Interest's ability to license technology. The balance of hardships favors Local Interest's ability to commercialize its own ideas and technology. The public interest in allowing Local Interest to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

53. Local Interest has been damaged as a result of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Local Interest in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,774,834

54. Plaintiff repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

55. The USPTO duly issued U.S. Patent No. 8,774,834 (hereinafter, the "'834 patent") on July 8, 2014, after full and fair examination of Application No. 13/690,704, which was filed on November 30, 2012. *See* **Exhibit E**, U.S. Patent No. 8,774,834 at 1.

56. Local Interest owns all substantial rights, interest, and title in and to the '834 patent, including the sole and exclusive right to prosecute this action and enforce the '834 patent against infringers and to collect damages for all relevant times.

57. Local Interest or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of one or more claims of the '834 patent.

58. The claims of the '834 patent are not directed to an abstract idea and are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include

inventive components that improve upon the function and operation of location-based services in a wireless network.

59. The written description of the '834 patent describes in technical detail each limitation of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

60. Defendant has directly infringed the claims of the '834 patent by making, using, selling, offering for sale, importing into the United States, providing, supplying, or distributing the Accused Products.

61. For example, Defendant has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '834 patent.

62. As just one example of infringement, the Accused Products perform a method for providing wireless telecommunication services, the method comprising: receiving, from a mobile device, a request to identify points of interest near a location of the mobile device, wherein the request comprises a plurality of letters; determining the location of the mobile device; determining a point of interest having a name comprising a first portion, the first portion comprising the plurality of letters; transmitting the name of the point of interest to the mobile device; receiving, from the mobile device, an indication of a selection of the name of the point of interest; determining point of interest data associated with the point of interest; and transmitting the point of interest data associated with the point of interest to the mobile device. *See, e.g.*, **Exhibit F**, Evidence of Use Regarding Infringement of U.S. Patent No. 8,774,834.

63. Local Interest has been damaged as a result of the infringing conduct by Defendant

alleged above. Thus, Defendant is liable to Local Interest in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

64. Local Interest hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

65. Local Interest requests that the Court find in its favor and against Defendant, and that the Court grant Local Interest the following relief:

　　a. Judgment that one or more claims of the Asserted Patents have been infringed, either literally or under the doctrine of equivalents, by Defendant or others acting in concert therewith;

　　b. A permanent injunction enjoining Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '899 patent; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of said patent by such entities;

　　c. Judgment that Defendant account for and pay to Local Interest all damages to and costs incurred by Local Interest because of its infringing activities and other conduct complained of herein;

　　d. Judgment that Defendant's infringements be found willful as to the '899 patent, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

　　e. Pre-judgment and post-judgment interest on the damages caused by Defendant's

        infringing activities and other conduct complained of herein;

f.    That this Court declare this an exceptional case and award Local Interest its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g.    All other and further relief as the Court may deem just and proper under the circumstances.

Dated: March 4, 2025                                Respectfully submitted,

By: /s/ C. Matthew Rozier
C. Matthew Rozier (CO 46854)*
**ROZIER HARDT MCDONOUGH PLLC**
1500 K Street, 2nd Floor
Washington, District of Columbia 20005
Telephone: (404) 779-5305; (202) 316-1591
Email: matt@rhmtrial.com

Jonathan L. Hardt (TX 24039906)*
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (737) 295-0876
Email: hardt@rhmtrial.com

James F. McDonough, III (GA 117088)*
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

*Attorneys for Plaintiff LOCAL INTEREST, LLC*

\* Admitted to the Eastern District of Texas

### List of Exhibits

A. PetSmart Texas Locations
B. PetSmart Mobile App
C. U.S. Patent No. 7,532,899
D. Evidence of Use Regarding Infringement of U.S. Patent No. 7,532,899
E. U.S. Patent No. 8,774,834
F. Evidence of Use Regarding Infringement of U.S. Patent No. 8,774,834

### Attachments

- Civil Cover Sheet
- Proposed Summons