IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

LOCAL INTEREST, LLC,                    §
                                        §
          *Plaintiff*,                  §
                                        §
v.                                      §        CASE NO.  2:25-CV-00256-JRG
                                        §
PETSMART LLC,                           §
                                        §
          *Defendant*.                  §

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for Judgment on the Pleadings (the "Motion") filed by Defendant PetSmart LLC ("Defendant").  (Dkt. No. 31).  In the Motion, Defendant moves for judgment on the pleadings that the First Amended Complaint (the "FAC") fails to state a claim for patent infringement.  (*Id*. at 1).  Specifically, Defendant argues that the patents-in-suit claim patent ineligible subject matter.  (*Id*.).  Plaintiff Local Interest, LLC ("Plaintiff") opposes the Motion. (*See* Dkt. No. 35).  Having considered the Motion and its related briefing, and for the reasons stated herein, the Court finds that the Motion should be **DENIED**.

I.      **BACKGROUND**

On June 05, 2025, Plaintiff filed the FAC.  (Dkt. No. 22).  In the FAC, Plaintiff alleges that Defendant infringes two (2) of its patents: U.S. Patent No. 7,532,899 (the "'899 Patent") and U.S. Patent No. 8,774,834 (the "'834 Patent") (together the "Asserted Patents").  (*Id*. ¶ 1).

The Asserted Patents share the same specification and generally relate to "inventive components that improve upon the function and operation of location-based services in a wireless network."  (*Id*. ¶¶ 32, 88).  Claim 4 of the '899 Patent recites:

4. A method for providing wireless telecommunication services to mobile devices, the method comprising:

receiving a command from a user's mobile device to locate points of interest near to a location of the user's mobile device, wherein each of the points of interest are associated with one of two or more different and user-identified point of interest categories;

automatically determining the location of the user's mobile device;

based at least in part on the determined location, automatically providing to the user's mobile device a list of points of interest, wherein the list substantially simultaneously presents at least one point of interest for at least some of the different and user-identified point of interest categories, and wherein the list of points of interest represent points of interest that are geographically closest to the location of the user's mobile device;

receiving input from the user's mobile device; and

providing a next-closer list of points of interest, wherein the next-closer list substantially simultaneously presents at least one point of interest for at least some of the different and user-identified point of interest categories that are geographically next closest to the location of the user's mobile device than points of interest in the list of points of interest.

(Dkt. No. 22-3, at 12:36–60).  Similarly, claim 1 of the '899 Patent recites:

1. A method for providing wireless telecommunication services, the method comprising:

receiving, from a mobile device, a request to identify points of interest near a location of the mobile device, wherein the request comprises a plurality of letters;

determining the location of the mobile device;

determining a point of interest having a name comprising a first portion, the first portion comprising the plurality of letters;

transmitting the name of the point of interest to the mobile device; receiving, from the mobile device, an indication of a selection of the name of the point of interest; determining point of interest data associated with the point of interest; and

transmitting the point of interest data associated with the point of interest to the mobile device.

(Dkt. No. 22-5, at 11:45–63).  These patents therefore disclose "method[s] that allow[] users to locate groups or sets of businesses, points of interests [("POI's")] or other locations and manage this information in a user-friendly environment."  (Dkt. No. 22-3, at 2:17–21).

## II.    LEGAL STANDARD

### (a) Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).

In ruling on a motion under Rule 12(c), the Court may consider the pleadings themselves, and any exhibits thereto or matters incorporated by reference therein, as long as all the material allegations of fact are undisputed and only questions of law remain to be decided by the court.  *See Voest–Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 n.4 (5th Cir. 1998) (holding that documents attached to the pleadings "thereby [become] part of [the] pleadings").  The pleading standard for a Rule 12(c) motion is the same as for a motion to dismiss under Rule 12(b)(6).  *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).  Thus, the ultimate question for the court in deciding a Rule 12(c) motion is whether, viewed in the light most favorable to the plaintiff, the complaint states a valid claim for relief.  *See Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001); *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n.8 (5th Cir. 2000).

**(b) Patent eligibility**

Anyone who "invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" may obtain a patent. 35 U.S.C. § 101. Since patent protection does not extend to claims that monopolize the "building blocks of human ingenuity," claims directed to laws of nature, natural phenomena, and abstract ideas are not patent eligible. *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216-17 (2014). The Supreme Court instructs courts to distinguish between claims that set forth patent-ineligible subject matter and those that "integrate the building blocks into something more." *Id.*

The Court determines whether patent claims cover ineligible subject matter using a two-step analytical framework set out by the Supreme Court of the United States in *Alice*. 573 U.S. 208. At the first step, the Court evaluates whether the claims are directed to ineligible subject matter, such as an abstract idea. *Id.* at 217. To do so, the Court looks to the claims' "character as a whole." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016). Although all claims embody abstract ideas and other ineligible subject matter at some level, the Court's task is to examine "whether the claims [] focus on a specific means or method that improves the relevant technology or are instead directed to a result or effect that itself is the abstract idea and merely invoke generic processes and machinery." *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1314 (Fed. Cir. 2016). In cases like this, the Court is to "consider the claim as a whole . . . in light of the specification . . . [and] whether the focus of the claims is on a specific asserted improvement in computer capabilities or, instead, on a process that qualifies as an abstract idea for which computers are invoked merely as a tool." *Packet Intel. LLC v. NetScout Sys., Inc.*, 965 F.3d 1299, 1309 (Fed. Cir. 2020) (cleaned up)).

4

If the challenged claims recite a patent-ineligible concept, the Court then "consider[s] the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent eligible application." *Alice*, 573 U.S. 208, 217-18 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 78-79 (2012)).  This step is satisfied when the claim limitations "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347-48 (Fed. Cir. 2014) (quoting *Alice*, 573 U.S. at 225).  The Federal Circuit has explained that "[w]hile the ultimate determination of eligibility under § 101 is a question of law, like many legal questions, there can be subsidiary fact questions which must be resolved en route to the ultimate legal determination." *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018).  As such, "[t]he question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact" that must be "proven by clear and convincing evidence." *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).

## III.    ANALYSIS

The parties dispute several points, including: (1) whether claim construction is necessary; (2) whether claim 4 of the '899 Patent and claim 1 of the '834 Patent (the "Asserted Claims") are representative; (3) whether the Asserted Claims are directed to patent ineligible subject matter under *Alice* Step 1; and (4) whether the Asserted Claims have an inventive concept under *Alice* Step 2.  However, the Court need not address each of these issues because, even when accepting Defendants' positions on claim construction, representativeness, and *Alice* Step 1, factual disputes under *Alice* Step 2 preclude judgment on the pleadings.

**(a) The '899 Patent**

Defendant argues that "[t]here is no inventive concept" in claim 4 of the '899 Patent.  (Dkt. No. 31, at 10).  Defendant asserts that the claim recites no more than "typical" and "generic" components.  (*Id*.).  As evidence, Defendant points to the claim's recitation of a "mobile unit." (*Id*.).  Defendant contends that the term broadly encompasses "any computer" and is required to generically communicate with either a landline phone or data network, which are also conventional.  (*Id*.).  Additionally, Defendant contends that the FAC has not introduced sufficient facts to save claim 4.  (*Id*. at 12).  Defendant insists that the FAC points to the specification for support, not the claim itself.  (*Id*.).

Plaintiff responds that factual disputes preclude the Motion.  (Dkt. No. 35, at 6).  Plaintiff points to claim 4's recitation of "receiving a command to locate POIs near the device's location, determining that location, and providing a list that 'substantially simultaneously presents at least one point of interest for at least some of the different and user-identified point of interest categories.'"  (*Id*. at 7).  According to Plaintiff, retrieving results across categories of POIs in one step is "something not taught or possible in conventional systems."  (*Id*. (citations omitted)).

The Court agrees with Plaintiff.  Plaintiff has pointed to a "specific and concrete advance in geolocation technology:" a reduction in the number of steps required to retrieve POIs.  *Geoscope Techs. Pte. Ltd. v. Google LLC*, 2025 WL 1276235, at *3 (Fed. Cir. May 2, 2025) (citation omitted). Indeed, the '899 Patent provides that the systems and methods described therein "allow a user to automatically identify in one action or few steps, the locations of a user-specified set of locations." (Dkt. No. 22-3, at 2:23–27).  The patent further teaches that "stor[ing] POI set information in" a database facilitates the "skip[ping]" of certain steps in the geolocation process.  (*Id*. at 9:19–35; *see also id.* at 10:58–64 ("some processes or blocks may be deleted")).  At this stage of the

6

proceedings, the Court must accept these facts as true and view them in the light most favorable to Plaintiff. *See Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

Moreover, claim 4 captures this advancement. Specifically, the claim recites, *inter alia*:

> "***A method for providing wireless telecommunication services*** . . . comprising . . . ***receiving a command from a user's mobile device*** to locate [POIs] . . . wherein each of the [POIs] are associated with one of two or more ***different and user-identified point of interest categories*** . . . [and] ***based at least in part on the determined location, automatically providing to the user's mobile device a list of points of interest***."

(Dkt. No. 22-7 ¶ 48 (emphasis in original)). Thus, a factual inquiry remains as to whether these ordered combination of claim elements are routine, conventional, and well understood." *Berkheimer*, 881 F.3d at 1368.

Accordingly, the Court finds that the Motion should be **DENIED** with respect to the '899 Patent. While the '899 Patent is directed to an abstract concept at *Alice* Step 1, the underlying factual issues to be resolved at *Alice* Step 2 preclude a grant under Rule 12(c) at this time and under these circumstances.

### (b) The '834 Patent

Defendant argues that claim 1 of the '834 Patent lacks an inventive concept for the same reasons as claim 4 of the '899 Patent. (*See* Dkt. No. 37, at 8 ("The '834 Patent relies on the same generic equipment as the '899 Patent"); *Id*. ("The expert testimony regarding the '834 Patent is a precise mirror of the discussion of the '899 Patent")).

Plaintiff argues in response that the "claims of the '834 Patent disclose an inventive concept." (Dkt. No. 35, at 24). Plaintiff reasons that claim 1 recites a "particular configuration of a mobile device, location server, POI and user databases, and a logic-driven UI" that was not routine or generic. (*Id*. at 23–24). Further, Plaintiff contends that this configuration "provide[s] technical improvements in mobile-location based services." (*Id*. at 24).

Again, the Court agrees with Plaintiffs.  There is still an outstanding fact question as to whether the ordered combination of elements recited by claim 1 are routine, conventional, and well-understood.  *Berkheimer*, 881 F.3d at 1368.  As above, Plaintiff has alleged that claim 1 of the '834 Patent—which is a continuation application of the '899 Patent—recites a method that improves geolocation services by reducing the number of steps required to search POIs.  The '834 Patent confirms that a "request compris[ing] a plurality of letters" as recited by claim 1 facilitates this improvement.  (*See* Dkt. No. 22-3, at FIG. 4).  At this stage of the proceedings, the Court must accept these facts as true and view them in the light most favorable to Plaintiff.  *See Guidry*, 512 F.3d at 180.  For the same reasons as addressed above regarding the '899 Patent, the outstanding fact question renders judgment on the pleadings improper here.  *See id*. at 181.

Accordingly, the Court finds that the Motion should be **DENIED** as to the '834 Patent.

IV.    **CONCLUSION**

For the foregoing reasons, the Court finds that the Motion should be and hereby is **DENIED**.

## So Ordered this

**Feb 19, 2026**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

8